# ST. LOUIS, VANDALIA AND TERRE HAUTE RAILROAD COMPANY

## v.

## A. S. MORGAN.

1. NEGLIGENCE.—The train of appellant run over and killed appellee's cow near a public crossing in the village. The train was running much faster than was allowed by the village ordinance, and no bell was rung or whistle sounded. *Held*, that as the train was running in total disregard of the law, to overcome the liability created by the statute under such circumstances, the preponderance of the evidence should show that the injury was not the result of the wrongful act of the railroad company. As the evidence wholly fails to do this, the judgment is affirmed.

2. INSTRUCTIONS.—While some of the instructions given are inaccurate, yet the court is of the opinion that substantial justice has been done, and that a new trial would result in the same judgment.

APPEAL from the Circuit Court of Cumberland county;

St. L., V. & T. H. R. R. Co. v. Morgan.

the Hon. T. S. CASEY, Judge, presiding. Opinion filed January 16, 1883.

Mr. JNO. G. WILLIAMS, Mr. L. N. BREWER and Mr. T. J. GOLDEN, for appellant; as to admission in evidence of ordinance, cited R. S. 1881, Chap. 24, § 65; Barr v. Auburn, 89 Ill. 361.

Appellant is not liable, as the cow was unlawfully on its right of way: R. S. 1874, Chap. 8; I. W. & W. R. R. Co. v. Barlow, 71 Ill. 640.

An instruction that assumes to tell the jury to find according to their belief, is improper: Ewing v. Runkle, 20 Ill. 464; Parker v. Fisher, 39 Ill. 164; Miller v. Balthasser, 78 Ill. 302; Fame Ins. Co. v. Mann, 4 Bradwell, 485; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; Penn. Co. v. Conlan, 101 Ill. 93; L. E. & W. R'y Co. v. Zoffinger, 10 Bradwell, 252.

The fact that proper instructions were given for appellant does not cure the error of those given for appellee: Camp Point M'f'g Co. v. Ballou, 71 Ill. 417; O. O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 356; Morris v. Gleason, 1 Bradwell, 510; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

As to a partial rehearsal of the evidence in a written instruction: Chesney v. Meadows, 90 Ill. 433; Evans v. George, 80 Ill. 51; Cushman v. Cogswell, 86 Ill. 62; Ill. Linen Co. v. Hough, 91 Ill. 63.

Mr. W. S. EVERHART, for appellee; that the ordinance in pamphlet form, purporting to be printed and published by order of the president and board of trustees, is *prima facie* evidence of its legal passage, cited R. S. 1881, Chap. 24, § 65; Barr v. Auburn, 89 Ill. 361; Bethalto v. Canby, 9 Bradwell, 339; Commonwealth v. Chase, 6 Cush. 248; 1 Dillon on Municipal Corporations, 356.

Parol evidence is admissible to apply a resolution or recorded vote of a town to its proper subject-matter: 1 Dillon on Municipal Corporations, 235; Keller v. Savage, 17 Me. 444.

As to instructions: C. B. & Q. R. R. Co. v. Haggerty, 67

Ill. 113; Pierce on Railroads, 347; R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 275; I. & St. L. R. R. Co. v. Smith, 78 Ill. 112; I. & St. L. R. R. Co. v. Stables, 63 Ill. 313; C. & A. R. R. Co. v. Elmore, 67 Ill. 176.

As to negligence: C. & A. R. R. Co. v. Engle, 84 Ill. 397; T. W. & W. R. R. Co. v. McGinnis, 71 Ill. 348; Wiggins Ferry Co. v. Higgins, 72 Ill. 517; R. R. I. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58; Tuttle v. Robinson, 78 Ill. 332; Hewitt v. Jones, 72 Ill. 218; P. P. & J. R. R. Co. v. Siltman, 88 Ill. 529.

Per CURIAM. This was an action brought before a justice of the peace to recover damages of the defendant, a railroad company, for killing a cow, the property of the plaintiff. On a trial in the circuit court, to which the cause was appealed, plaintiff recovered a judgment, from which defendant below appeals to this court.

The claim of the plaintiff is based upon the alleged failure of appellant to ring a bell or sound a whistle, and that the train was run at a higher rate of speed than was allowed by the ordinances of the village in which the cow was killed.

The evidence shows that the cow was killed near a public crossing in the village of Jewett, and it leaves but little doubt that the train was running much faster than was allowed by the ordinance of the village, and that no bell was rung or whistle sounded. These facts of themselves make the corporation *prima facie* liable to the owner of the cow for the injury, and the law presumes the same to have been done by the negligence of the company. Rev. Stat. 1874, Chap. 114, Sec. 62.

The only defense was, that the cow came upon the track about one hundred yards ahead of the train, and it was not in the power of those in charge of the engine to stop the same in time to avoid the injury.

The train was running in total disregard of the law, and to overcome the liability created by the statute under such circumstances, the preponderance of the evidence should show that the injury was not the result of the wrongful act of the company. This, we think, it wholly fails to do.

We do not regard some of the instructions as accurate, but it seems to us that substantial justice has been done, and that a new trial would result in the same judgment.

The ordinance was sufficiently proved to admit it in evidence, and upon the whole case we think the judgment should be affirmed.

Judgment affirmed.